

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00186-CV

TEXAS CUSTOM WINE WORKS, LLC, JETER WILMETH,
AND TONY RENTERIA, APPELLANTS

V.

STEVE TALCOTT, MIKE SIPOWICZ, ACAI WINE, LLC,
AND TALCOTT ENTERPRISES, INC., APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2019-534,744, Honorable Les Hatch, Presiding

February 27, 2020

## OPINION

Before QUINN, C.J., PARKER, JJ. and HANCOCK, S.J.[1]

Appellants, Texas Custom Wine Works, LLC, Jeter Wilmeth, and Tony Renteria, filed this interlocutory appeal of the trial court's order denying part of appellants' motion to dismiss claims asserted by appellees, Steve Talcott, Mike Sipowicz, Acai Wine, LLC, and Talcott Enterprises, Inc. Appellants challenge the portion of the order that denies

---

[1] Senior Justice Mackey K. Hancock, retired, sitting by assignment.

their motion to dismiss appellees' claims for fraud, promissory estoppel, and breach of fiduciary duty. We affirm the challenged portions of the trial court's order.

Factual and Procedural Background

Wilmeth, Talcott, and Sipowicz were part owners of Texas Custom Wine Works, LLC (TCWW). In May of 2018, Wilmeth, TCWW's chief executive officer, and Tony Renteria, TCWW's president, approached Talcott and Sipowicz about acquiring their combined forty percent interest in the business. Wilmeth and Renteria informed Talcott and Sipowicz that TCWW's lender, AgTexas, had called the approximately $1 million note on the business and offered to have Talcott and Sipowicz taken off the note in exchange for relinquishment of their ownership interest. Talcott and Sipowicz had no means to independently verify this information. The parties dispute whether Renteria promised Talcott and Sipowitz employment contracts as part of the transfer of TCWW ownership. Talcott and Sipowitz transferred their ownership interests in TCWW and, apparently, their names were removed from the note. After this transaction, an agreement regarding Talcott's and Sipowitz's employment with TCWW could not be reached. Appellees then brought the present suit presenting claims for breach of contract, fraud, promissory estoppel, breach of duty, conspiracy, aiding and abetting, conversion, tortious interference with existing business relationship, and defamation.

After answering appellees' petition, appellants filed a motion to dismiss all of appellees' claims under Chapter 27 of the Texas Civil Practice and Remedies Code. Appellants included evidence in support of their motion attached to a supplemental brief. Appellees filed a response to which they attached evidence. The trial court heard argument on the motion and, after taking the matter under advisement, issued an order

2

granting the motion in part and denying the motion in part. The trial court dismissed appellees' claims for defamation, breach of contract, conspiracy, and aiding and abetting, while denying appellants' motion to dismiss appellees' claims for fraud, promissory estoppel, and breach of fiduciary duty.[2] The trial court awarded appellants $6,772 as reasonable and necessary attorney's fees, $75.11 in court costs, and $1 as mandatory sanctions. Appellants timely filed the instant interlocutory appeal. Appellees filed a cross-appeal challenging the trial court's dismissal of appellees' defamation, breach of contract, conspiracy, and aiding and abetting claims but, since there is no statutory authority for the interlocutory appeal of the granting of a motion to dismiss, appellees' cross-appeal was dismissed by order of this Court. *See Tex. Custom Wine Works, LLC v. Talcott*, Nos. 07-19-00186-CV, 07-19-00299-CV, 2019 Tex. App. LEXIS 7609 (Tex. App.—Amarillo Aug. 22, 2019, no pet.) (per curiam) (order of severance and dismissal).

By their appeal, appellants present three issues. Their issues contend that appellees failed to present clear and specific evidence establishing their prima facie cases for fraud, promissory estoppel, and breach of fiduciary duty. Appellees contend, *inter alia*, that the TCPA does not apply to the claims they have asserted.

---

[2] Appellees pled claims for conversion but these claims were not addressed in appellants' motion to dismiss and, consequently, the trial court did not rule on these claims. Because these claims were not addressed by the motion to dismiss, they are not before this court.

Similarly, appellees also pled claims for tortious interference with existing business relationship. These claims were addressed in appellants' motion to dismiss, but nothing in the trial court's order addresses these claims. Consequently, it appears that the trial court did not rule on appellants' motion to dismiss these claims. While the effect of this omission is that the trial court implicitly denied the motion to dismiss the tortious interference claims, because this implied ruling was not appealed by appellants, this denial is not before this Court in this interlocutory appeal.

The Texas Citizens Participation Act (TCPA)

In analyzing a ruling on a motion to dismiss filed under the TCPA, we must begin by examining the scope of the Act as expressed by its language. The TCPA is popularly known as the Texas Anti-SLAPP statute, which is designed to prevent strategic lawsuits against public participation. *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 571 (Tex. App.—Fort Worth 2019, pet. denied). The stated purpose of the TCPA is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of persons to file meritorious lawsuits for demonstrable injuries. TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015);[3] *see In re Lipsky,* 460 S.W.3d 579, 589 (Tex. 2015) (orig. proceeding) (TCPA provides a mechanism to summarily dispose of lawsuits designed with the sole purpose of chilling First Amendment rights). To accomplish these purposes, the legislature codified a new set of procedural mechanisms through which a litigant may require, by motion, a threshold testing of claims that are deemed to implicate the expressive interests protected by the statute. *Kawcak*, 582 S.W.3d at 572 (citing *Serafine v. Blunt*, 466 S.W.3d 352, 369 (Tex. App.—Austin 2015, no pet.) (op. on reh'g) (Pemberton, J., concurring)).

This procedural mechanism includes a zig-zagging burden of proof that works as follows:

> Once a motion to dismiss is filed, a burden-shifting mechanism goes into effect. [*In re Lipsky*, 460 S.W.3d at 586-87.] First, a defendant moving for dismissal has the burden to show by a preponderance of the evidence that the plaintiff filed a "legal action" that is "based on, relates to, or is in response

---

[3] Further reference to provisions of the Texas Civil Practice and Remedies Code will be by reference to "section __" or "§ __."

to" the defendant's exercise of the right of free speech, the right to petition, or the right of association. [] §§ 27.003(a), 27.005(b) [(West Supp. 2019)]; *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018).

Second, if the defendant satisfies that burden, to avoid dismissal, a plaintiff must establish by clear and specific evidence a prima facie case for each essential element of its claim. [] § 27.005(c). The requirement for "clear and specific evidence" means the plaintiff "must provide enough detail to show the factual basis for its claim." [*In re*] *Lipsky*, 460 S.W.3d at 590-91.

Third, even if the plaintiff establishes a prima facie case, the defendant can still obtain dismissal if he "establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." [] § 27.005(d).[4]

*Kawcak*, 582 S.W.3d at 572 (quoting *Beving v. Beadles*, 563 S.W.3d 399, 404 (Tex. App.—Fort Worth 2018, pet. denied)).

The TCPA also sets deadlines for the filing of the motion to dismiss, the hearing on the motion to dismiss, and the time in which the trial court must rule. §§ 27.003(b), .004 (West 2015), .005(a). The filing of a motion to dismiss suspends discovery unless the trial court orders specific and limited discovery upon the showing of good cause. §§ 27.003(c), .006(b) (West Supp. 2019). In considering a motion to dismiss, the trial court considers "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." § 27.006(a).[5]

---

[4] Amended by Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 3, 2019 Tex. Gen. Laws 684, 685. This amendment removed the preponderance of the evidence standard and replaced it with language requiring the movant to "establish[] an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019 effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to section 27.005 will refer to the pre-amended version of the statute.

[5] Amended by Act of June 2, 2019, 86th Leg., R.S., ch. 378, §§ 4, 5, 2019 Tex. Gen. Laws 684, 685. This amendment added the requirement that a trial court shall consider evidence the court could consider under Texas Rule of Civil Procedure 166a in addition to pleadings and affidavits. However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019 effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to section 27.006 will refer to the pre-amended version of the statute.

An accelerated interlocutory appeal is permitted from a trial court order denying a motion to dismiss under the TCPA but not from an order granting the motion to dismiss. *Moricz v. Long*, No. 06-17-00011-CV, 2017 Tex. App. LEXIS 6678, at *8 (Tex. App.—Texarkana July 20, 2017, no pet.) (mem. op.) (citing §§ 27.008(a) (West 2015), and 51.014 (West Supp. 2019)). The trial court shall award the moving party both fees and sanctions "if the court orders dismissal of [the] legal action." § 27.009(a) (West Supp. 2019).

### Application of the TCPA to Appellees' Claims

As previously identified, the first step in analyzing a motion to dismiss filed under the TCPA is to determine whether the defendant met its burden to show by a preponderance of the evidence that the plaintiff's legal action is "based on, relates to, or is in response to" the defendant's exercise of the right of free speech, the right to petition, or the right of association. §§ 27.003(a),[6] 27.005(b); *Kawcak*, 582 S.W.3d at 572. In their motion to dismiss, appellants asserted that appellees' claims of fraud, promissory estoppel, and breach of fiduciary duty are based on, relate to, or are in response to appellants' exercise of their right of association. As such, we begin our analysis by determining whether appellants met their burden of proving this connection.

We construe the language of the TCPA and review the issue of whether the defendant meets this initial burden de novo. *Kawcak*, 582 S.W.3d at 571; *ExxonMobil*

---

[6] Amended by Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 2, 2019 Tex. Gen. Laws 684, 685. The amendment, *inter alia*, removed the "relates to" language from the description of legal actions covered by the TCPA. However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019 effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to section 27.003 will refer to the pre-amended version of the statute.

*Pipeline Co. v. Coleman*, 464 S.W.3d 841, 845 (Tex. App.—Dallas 2015), *rev'd on other grounds*, 512 S.W.3d 895, 901-02 (Tex. 2017) (per curiam). In interpreting a statute, our primary objective is to give effect to the legislature's intent in enacting the statute. *City of Houston v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013). We start by reviewing the text of the statute and presume the legislature intended what it enacted. *In re Elliott*, 504 S.W.3d 455, 464 (Tex. App.—Austin 2016, orig. proceeding). The plain meaning of the text is the best indication of the legislature's intent, unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning would lead to absurd results. *Id.* at 463.

The TCPA defines the "exercise of the right of association" as people joining "together to collectively express, promote, pursue, or defend common interests." Act of June 17, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961 (amended 2019) (current version at § 27.001(2) (West Supp. 2019)).[7] A communication includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." § 27.001(1). The TCPA does not create a right of association. Rather, the purpose of the Act is "to encourage and safeguard the constitutional rights of persons to . . . associate freely . . . to the maximum extent permitted by law . . . ." § 27.002. Appellants contend that, because the claims involved with this appeal are based on allegations that Wilmeth and Renteria agreed to hire Sipowicz and

---

[7] The definition of the "exercise of the right of association" was amended by the legislature in 2019. Section 27.001(2) now defines the exercise of the right of association as meaning, "to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684. However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019 effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to section 27.001 will refer to the pre-amended version of the statute.

Talcott to employment contracts if they sold their ownership interest in TCWW, these claims are based on, related to, or in response to appellants' right to freely associate. We do not agree with such a broad construction of the scope of the TCPA.

In the present case, were we to apply the plain meaning of the text of section 27.001(2), it would give constitutional right of association protection to virtually any private communication between two people about a shared private interest. *See* § 27.001(2) (right of association protection applies to "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests"). However, this is not consistent with the purposes of the TCPA, which is to curb strategic lawsuits designed to chill public participation. *See Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 868-69 (Tex. App.—Dallas 2014, no pet.) (Chapter 27 is "intended to curb strategic lawsuits against public participation."). Consequently, it would be illogical for the Act to apply to situations where there is no element of group participation or in which there is no communication about a matter of public concern. *ExxonMobil Pipeline Co.*, 464 S.W.3d at 847 (citing *Serafine*, 466 S.W.3d at 378, in which Justice Pemberton explained that the plain meaning of section 27.001(2) would lead to the absurd result of bringing most marital communications within the scope of the exercise of the right of association and, therefore, subject to the TCPA).

We are to construe the Act liberally to fully effectuate its purpose and intent. § 27.011(b) (West 2015). In doing so, we may consider the object sought to be obtained by the statute, the consequences of a particular construction, the legislative history, and the statute's title. TEX. GOV'T CODE ANN. § 311.023 (West 2013). Considering the title of the Act (the Texas Citizens Participation Act), the object sought to be obtained by the Act,

8

and the absurdity of reading the statutory definition of "exercise of the right to association" according to its plain meaning, we conclude that the legislature intended for the right of association to require some degree of group participation involving an expression about a matter of public interest.[8] *ExxonMobil Pipeline Co.*, 464 S.W.3d at 847-48.

Our conclusion that the right of association protected by the TCPA requires the participation of a group expressing a communication about a matter of public concern is supported by decisions of our sister courts. In *ExxonMobil Pipeline Co.*, the Dallas court concluded that, "to constitute an exercise of the right of association under the Act, the nature of the communication between individuals who join together must involve public or citizen's participation." *Id.* at 848 (internal quotation marks omitted).[9] Similarly, in *Kawcak*, the Fort Worth court noted that the TCPA has twin purposes: (1) to encourage and safeguard constitutional rights, while (2) protecting the rights of persons to file meritorious lawsuits for demonstrable injury. *Kawcak*, 582 S.W.3d at 582. It then concluded that, "[a] definition of 'common' that focuses on the public or group implements both purposes while one that focuses on any interest shared between two people serves neither." *Id.* Similarly, in *Perlman*, the Dallas court explained that, "[c]onstruing the TCPA to find a right of association in this case simply because there are communications between parties with a shared interest in a private business transaction does not further

---

[8] While not a consideration in reaching this Court's conclusion, we note that the legislature's amended definition of the "exercise of the right of association" is now limited to a group expression, promotion, pursuit, or defense of "common interests relating to a governmental proceeding or a matter of public concern." Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684.

[9] We are aware that the Texas Supreme Court reversed the Dallas court in *ExxonMobil Pipeline Co. See* 512 S.W.3d 895, 902 (Tex. 2017) (per curiam). However, the Court's analysis addressed only whether the communications made were in the exercise of the right of free speech under the TCPA, and explicitly expressed no opinion on whether the challenged communications were made in the exercise of the right of association.

the TCPA's purpose to curb strategic lawsuits against public participation." *Perlman v. EKLS Firestopping & Constr., LLC*, No. 05-18-00971-CV, 2019 Tex. App. LEXIS 5485, at *8-9 (Tex. App.—Dallas June 28, 2019, no pet.) (mem. op.). In other words, for an exercise of the right of association to trigger the TCPA's protections, it must involve more than a handful of individuals communicating about a private business deal.

In the present case, none of the communications between the parties impacted a public interest. Rather, all of the parties' communications related only to private business transactions affecting only TCWW and its internal operations. Because appellees' claims are not based on communications of relevance to the public, we conclude that the claims involved in this appeal are not of the sort that are "designed only to chill First Amendment rights . . . ." *In re Lipsky*, 460 S.W.3d at 589. Consequently, we conclude that appellants failed to meet their burden to prove that the TCPA applies to appellees' fraud, promissory estoppel, and breach of fiduciary duty claims. We further conclude that the trial court properly denied appellants' request to dismiss these claims under the TCPA. *See Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 287 (Tex. App.—Dallas 2015, pet. denied) (when movant fails to meet burden of proof to show that the TCPA applies to particular claims, trial court does not err in denying motion to dismiss and need not address evidence of nonmovant's prima facie case or movant's proof of defenses).

Appellants cite cases that they contend support their position that the TCPA applies to the causes of action involved in the instant appeal. However, each of these cases is distinguishable from the present causes of action and how they relate to a party's exercise of the right of association. Appellants cite *O'Hern v. Mughrabi*, 579 S.W.3d 594 (Tex. App.—Houston [14th Dist.] 2019, no pet.), to support their assertion that the TCPA

applies to protect a party's right of association in the context of claims of breach of fiduciary duty. However, *O'Hern* concludes that the right of association was being exercised in the context of a meeting of a board of directors of a condominium. *Id.* at 602-04. The communications involved in *O'Hern* were communications that had a direct effect on the public of residents within the condominium. It is noteworthy that the cases cited within *O'Hern* also identify that a claim for breach of fiduciary duty is covered by the TCPA only where there is a public or quasi-public board or group involved and their communications relate to a public interest. *See Green v. Port of Call Homeowners Ass'n*, No. 03-18-00264-CV, 2018 Tex. App. LEXIS 6937, at *30-31 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (homeowners' board communicating, *inter alia*, about a homeowner's failure to pay bills and assessments when due); *Roach v. Ingram*, 557 S.W.3d 203, 219 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (Juvenile Board communicating about procedures in the Truancy Court); *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 Tex. App. LEXIS 3337, at *11-13 (Tex. App.—Austin Apr. 7, 2015, no pet.) (mem. op.) (homeowners' association communicating about common elements and expenses of the subdivision). The case cited by appellants to support their contention that the TCPA applies to breach of contract cases involves a claim related to a party's exercise of the right to free speech. *Toth v. Sears Home Improvement Prods.*, 557 S.W.3d 142, 150-51 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Likewise, appellants cite a case relating to a party's exercise of the right to petition to attempt to establish that the TCPA applies to fraud claims. *Collins v. Collins*, No. 01-17-00817-CV, 2018 Tex. App. LEXIS 1932, at *10-11 (Tex. App.—Houston [1st Dist.] Mar. 15, 2018, pet. denied) (mem. op.).

Appellees also rely on two opinions from the Austin court that recognize the exercise of a right of association based on communications only between and among the parties to a subsequent lawsuit. *See Grant v. Pivot Tech. Solutions, Ltd.*, 556 S.W.3d 865, 878-79 (Tex. App.—Austin 2018, pet. denied); *Elite Auto Body, LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 204-05 (Tex. App.—Austin 2017, pet. dism'd). In *Grant*, the court found that employees of a company against whom suit was brought were exercising their right of association based on their communications regarding their continued employment and the company's retention of its historically underutilized business status. *See Grant*, 556 S.W.3d at 878-79. We believe this conclusion was reached not because it involved the association only of the parties to the suit but, rather, because retention of the status of being an historically underutilized business relates to a matter of public interest. In *Elite Auto Body, LLC*, the court found that former employees improperly sharing confidential, proprietary, and trade secret information with their new employer to allow the new employer to obtain an unfair advantage in the marketplace related to an exercise of the right of association. *See Elite Auto Body, LLC*, 520 S.W.3d at 204-05. The explicit analysis found that there is no requirement that the communication be made publicly. *Id.* at 203. On this point, we agree. However, the communications involved in *Elite Auto Body, LLC*, related to a public interest since it involved one competitor using proprietary information in a manner that afforded it an unfair advantage in the marketplace and, as such, posed the potential to influence the costs and availability of services within that market. As can be seen, the Austin court concluded in each case that the right of association was exercised only where the parties involved communicated about an issue of public concern.

Concluding that appellants failed to meet their burden to prove that appellees' fraud, promissory estoppel, and breach of fiduciary duty claims involve the exercise of the right of association that triggered the TCPA's coverage, we deny appellants' three issues.[10]

## Conclusion

Having denied each of appellants' issues, we affirm the portions of the trial court's order that denies appellants' motion to dismiss appellees' claims for fraud, promissory estoppel, and breach of fiduciary duty.

Judy C. Parker
Justice

---

[10] Since the legislature has extensively amended the TCPA since this suit was filed, our consideration of this matter is limited to a consideration of the version of the TCPA that applies to the present lawsuit. Nothing in this opinion should be read to express an opinion regarding the proper construction or application of any amended provision of the TCPA.