**Motion to Dismiss Granted in Part and Denied in Part; Reversed in Part and Remanded and Opinion filed May 21, 2019.**



### In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00128-CV

---

### JOHN L. O'HERN, TINA DOOLEY, ANTIONETTE D. GREEN, AND LESLIE PERRYMAN, Appellants

### V.

### KHALED MUGHRABI, Appellee

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2017-77498**

---

### O P I N I O N

Appellants John O'Hern, Tina Dooley, Antionette D. Green, and Leslie Perryman appeal the denial of their motion to dismiss under the Texas Citizens Protection Act ("TCPA").[1]  Appellants are four former volunteer members of a condominium association's five-member board of directors.  Appellee Khaled

---

[1] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.

Mughrabi, the fifth board member, sued appellants following the board's decision to levy a $5.9 million special assessment to replace all of the condominium building's external windows. Mughrabi's claims have included breach of fiduciary duty and requests for injunctive, declaratory, and monetary relief, though at the time of the challenged ruling his only live claim was for breach of fiduciary duty. The trial court denied appellants' TCPA motion to dismiss by operation of law.

On appeal, appellants contend that the trial court erred because (1) Mughrabi failed to present prima facie evidence supporting his claims, and (2) appellants established an affirmative defense. Mughrabi, in addition to responding on the merits, asserts that the appeal is moot because a new association board of directors cancelled the special assessment while the case was pending in the trial court.

Addressing Mughrabi's jurisdictional arguments first, we agree with him that this case is moot as to the portion of Mughrabi's claim that is based on alleged damages resulting from the now-cancelled special assessment. We therefore grant Mughrabi's motion to dismiss the appeal in part and deny it in part. As to the portion of Mughrabi's claim that as pleaded invokes a live controversy, we conclude that appellants were entitled to have that portion of Mughrabi's claim dismissed under the TCPA. Accordingly, we dismiss the appeal in part, reverse the judgment in part, and remand the case to the trial court with instructions to determine appropriate attorney's fees and sanctions.

## Background

The building at the intersection of 2520 Robinhood and Kirby in Houston is a 17-story, 78-unit condominium. The condominium is governed by the 2520 Robinhood at Kirby Condominium Association (the "Association"), organized under the Texas Nonprofit Corporation Act. *See* Tex. Bus. Org. Code ch. 22. The Association is managed by a five-member board of directors (the "Board").

2

During the relevant times, appellants and Mughrabi owned units in the building and served on the Board.

Appellants contend that some of the building's exterior windows began leaking a few years after the building was completed. The Board hired a consultant, Apollo Better Building Consultants, to investigate the cause. Apollo concluded that the majority of the building's windows were defective and recommended either replacing or refurbishing them. The Board approved a "pilot program," which entailed replacing the windows in three units. Two of the three units selected for the pilot program were owned by two appellants—John O'Hern, who served on the Board, and Tina Dooley, whose husband served on the Board at that time. The third person who participated in the program was not on the Board and is not a party to this case.

The Board ultimately approved a global repair project, which entailed replacing all exterior windows and applying a waterproofing coating to the building's façade. Although a Board member, Mughrabi did not participate in that vote. One month later, the Board approved a $5.9 million special assessment to pay for the repair project. Appellants voted in favor of, and Mughrabi voted against, the special assessment. Pursuant to the condominium declaration, a special assessment is charged against all owners in proportion to their respective interests.

Mughrabi filed suit against appellants, asserting various causes of action and seeking several forms of relief.[2] First, Mughrabi alleged that appellants breached a fiduciary duty. According to Mughrabi, the condominium's governing declaration requires a vote by all owners for special assessments relating to the alteration or

---

[2] Mughrabi also named the Association as a defendant, but he later non-suited his claims against the Association, which is not a party to this appeal.

3

improvement of any element of the property, and that appellants passed the assessment without such a vote in violation of their fiduciary duty. Second, Mughrabi sought a declaratory judgment that the special assessment was invalid and unenforceable. Finally, he sought a temporary restraining order and temporary and permanent injunctive relief, as well as damages.

A few weeks later, several relevant events transpired all on the same day. First, Mughrabi non-suited his claims against appellants. Second, after Mughrabi filed his notice of non-suit, appellants filed a TCPA motion to dismiss Mughrabi's claims, contending that Mughrabi's lawsuit was based on, related to, or in response to the exercise of their right to associate. Appellants argued that Mughrabi could not present prima facie evidence on each element of his claims, and that appellants were immune from liability in any event as volunteers in a charitable organization.[3] Third, later that evening, the Board held a special meeting during which the owners voted to replace appellants as Board members. Promptly upon their installation, the new Board members, joined by Mughrabi, voted to cancel the special assessment.

Though Mughrabi had non-suited his claims—and now argues that the special assessment's cancellation mooted them—Mughrabi filed an amended petition, reasserting his fiduciary duty claim against appellants. As discussed more below, in his amended petition Mughrabi expanded the factual bases for his fiduciary duty claim and the forms of relief sought.

---

[3] *See* Tex. Civ. Prac. & Rem. Code § 84.004(a). As a result of our disposition, we do not address the merit of appellants' defense in this opinion.

4

The trial court held a hearing on appellants' motion to dismiss but did not rule by written order so the motion was denied by operation of law.[4] Appellants bring this interlocutory appeal.[5]

## Motion to Dismiss

Because Mughrabi seeks damages at least in an amount based on a special assessment the new Board has now cancelled, we must first decide whether this appeal, including appellants' request for TCPA fees and sanctions, is moot, as Mughrabi argues in his motion to dismiss. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6-7 (Tex. 2018).

A case becomes moot when a justiciable controversy between the parties ceases to exist or when the parties cease to have a legally cognizable interest in the outcome. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise affect the parties' rights or interests. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). When a case becomes moot, the court loses jurisdiction and cannot hear the case, because any decision would constitute an advisory opinion that is "outside the jurisdiction conferred by Texas Constitution article II, section 1." *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). But a case "is not rendered moot simply because some of the issues become moot during the appellate process." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). If only

---

[4] The trial court must rule on a TCPA motion to dismiss "not later than the 30th day following the date of the hearing on the motion." Tex. Civ. Prac. & Rem. Code § 27.005(a). If the court does not rule on a TCPA motion to dismiss within the time prescribed, "the motion is considered to have been denied by operation of law." *Id.* § 27.008(a).

[5] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (a person may appeal from an interlocutory order that denies a motion to dismiss under section 27.003).

some claims or issues become moot, the case remains "live" as to the claims or issues that are not moot. *See id.* We analyze mootness based on the claims pleaded. *See id.* (although part of case became moot, court determined that a "live controversy" still existed, based on claims pleaded in petition); *Albert Lee Giddens, APLC v. Cuevas*, No. 14-16-00772-CV, 2017 WL 4159263, at *5 (Tex. App.—Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.) (analyzing jurisdictional issue of mootness by construing pleadings); *City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 8-9 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (examining pleadings to determine mootness of interlocutory appeal).

The Supreme Court of Texas recently recognized that, in some cases, "a claim for attorney's fees 'breathes life' into a suit that has become moot in all other respects." *Best*, 562 S.W.3d at 7. Whether an attorney's-fees claim breathes life into an otherwise moot appeal depends first on whether the claimant seeks fees under a statute that authorizes fees only for a prevailing party or, alternatively, under a statute that permits fees based on equitable principles regardless of who prevails. *Id.* When the party seeks attorney's fees under a prevailing-party statute, such as the TCPA, the determination whether the attorney's-fees claim is moot depends on whether the TCPA movant prevailed before the underlying substantive claim became moot. *Id.* If the movant does not prevail before the substantive claim becomes moot, then that party's claim for attorney's fees is also moot because the party can never prevail and thus can never be entitled to attorney's fees. *Id.* at 7-8.

In *Best*, the State joined in a petition to remove Harper from his elected position; in response, Harper filed a motion to dismiss under the TCPA. *Id.* at 5. Harper established his right to dismissal on appeal, which occurred before his failed re-election bid ultimately rendered the State's removal petition moot. *Id.* at

6

6. Because Harper prevailed on his TCPA motion to dismiss before the underlying substantive claim became moot, the court held that his related attorney's-fees claim "breathe[d] life" into the otherwise moot appeal, and the court therefore addressed the merits of the State's removal petition and of Harper's motion to dismiss under the TCPA, even though both would otherwise be moot. *Id.* at 8.

In contrast to the circumstances in *Best*, when a TCPA movant does not prevail on a motion to dismiss before the underlying claim becomes moot, the high court has held that the movant's attorney's-fee claim also becomes moot. *See Glassdoor, Inc. v. Andra Grp., LP*, ---S.W.3d---, 2019 WL 321934, at *6 (Tex. Jan. 25, 2019). In that instance, the court has "no choice but to dismiss the case in its entirety." *Id.*

In his live petition, Mughrabi asserts one cause of action: breach of fiduciary duty. He alleges he was damaged by appellants' breach "in an amount at least equal to the expenditures made in furtherance of the Waterproofing Repair Project and the cost of the Special Assessment to each owner." Thus, as pleaded, a portion of Mughrabi's claim is based on the special assessment cost to him as an owner and the Board's action in passing the assessment; and a portion of his claim is based on alleged damages other than the special assessment cost. We conclude that the part of Mughrabi's breach of fiduciary duty claim that seeks damages based on the special assessment cost to each owner became moot once the special assessment was cancelled. The alleged damage based on the special assessment can no longer be awarded because it will not materialize. *See, e.g., Reardon v. LightPath Techs., Inc.*, 183 S.W.3d 429, 442 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("There can be no recovery for damages that are speculative or conjectural."). Thus, no court could grant Mughrabi the relief requested and this part of his breach of fiduciary duty claim is moot. *See Heckman*, 369 S.W.3d at

7

162 (because plaintiffs no longer had cognizable interest in relief sought, claims were moot).

Appellants did not prevail on their TCPA motion before the part of Mughrabi's fiduciary duty claim based on the special assessment cost became moot. Accordingly, under *Best* and *Glassdoor*, the trial court had no jurisdiction to consider appellants' TCPA motion, including the request for attorneys' fees, costs, and sanctions, insofar as the motion sought dismissal of Mughrabi's claim and related damages based on the special assessment. *See Best*, 562 S.W.3d at 6-8; *Glassdoor*, 2019 WL 321934, at *6. We dismiss the appeal as to appellants' issues complaining of the trial court's purported error in failing to dismiss Mughrabi's fiduciary duty claim based on the special assessment costs.[6]

However, the part of Mughrabi's breach of fiduciary duty claim that alleges damages other than the special assessment cost is a live controversy because those expenditures are alleged to have been incurred. As alleged in the amended petition, Mughrabi claims that appellants made decisions against the condominium owners' best interest, and also that O'Hern and Dooley breached their fiduciary duty by personally benefiting from their participation in the pilot program. In addition to his alleged portion of the special assessment, and reading his pleading liberally, Mughrabi seeks recovery of damages for expenditures made in furtherance of the "Waterproofing Repair Project," such as the $400,000 the Board allegedly paid Apollo for its work "to identify the problems, recommend fixes to the problems[,] and assist in overseeing mock-up projects to test the effectiveness

---

[6] Although Mughrabi non-suited his original petition, all of the claims asserted therein would have become moot even had they never been non-suited because they were based on the alleged special assessment cost. Accordingly, for the reasons explained, the trial court would have lacked jurisdiction to rule on appellants' TCPA motion presuming the original petition was the only relevant pleading.

of the proposed solutions,"[7] or any value O'Hern and Dooley may have received to the other owners' detriment because they received replacement windows when other owners did not. These allegations and requested damages are unaffected by the special assessment's cancellation. We therefore deny the motion to dismiss the appeal as to appellants' issues complaining of the trial court's purported error in failing to dismiss Mughrabi's fiduciary duty claim alleging damages other than the special assessment costs.

In reply briefing on his motion to dismiss this appeal, Mughrabi argues that his amended petition has no bearing on the mootness issue. Rather, according to Mughrabi, the whole case became moot upon cancellation of the special assessment, and it "should not be kept alive by Appellants' procedural maneuvers just to generate more fees arguing about past fees." We disagree. Mughrabi is partially correct in that his original claims all became moot upon cancellation of the special assessment because they were based only on alleged damages resulting from the assessment. However, Mughrabi filed an amended petition, which purports to re-assert previously mooted claims and also asserts new claims that are not moot. As the amended petition superseded all other pleadings, *see* Tex. R. Civ. P. 65, it became the live pleading and its allegations necessarily govern our mootness analysis. *See, e.g.*, *Giddens*, 2017 WL 4159263, at \*5 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

---

[7] At oral argument, Mughrabi conceded that he never received an invoice for any portion of the $400,000 that Mughrabi, as a unit owner, may have owed. But whether Mughrabi can establish that he was damaged by appellants' actions in retaining and paying Apollo is a separate inquiry from whether the cancellation of the special assessment mooted the entire underlying controversy.

9

**Analysis of the Merits**

We next turn to the merits of appellants' issues over which we maintain jurisdiction. In a single issue, appellants argue that the trial court erred in denying their motion to dismiss and failing to award attorney's fees, costs, and sanctions.

## A.    Standard of Review and Applicable Law

The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002; *see also Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.). It "protects citizens from retaliatory lawsuits that seek to intimidate or silence them" from exercising their First Amendment freedoms and provides a procedure for the "expedited dismissal of such suits." *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). To further this end, the TCPA establishes a mechanism for prompt dismissal of lawsuits that threaten freedom of speech, of association, or to petition. *See Joselevitz*, 524 S.W.3d at 859. We construe the TCPA liberally to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017) (per curiam); *Joselevitz*, 524 S.W.3d at 859; Tex. Civ. Prac. & Rem. Code § 27.011(b).

We review the trial court's denial of a TCPA motion to dismiss de novo. *Joselevitz*, 524 S.W.3d at 859. Under the de novo standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Id.* (internal quotation omitted). The "evidence" the trial court "shall consider" in "determining whether a legal action should be dismissed" under

the TCPA expressly includes "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). The TCPA "contemplates primary reliance on such proof." *Lona Hills Ranch, LLC v. Creative Oil & Gas Operating, LLC*, 549 S.W.3d 839, 845 (Tex. App.—Austin 2018, pet. filed); *see also Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *5 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.). "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations. . . . When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

## B. Exercise of the Right to Associate

Our first inquiry is whether appellants showed by a preponderance of the evidence that the TCPA applies to Mughrabi's breach of fiduciary duty claim. The act requires appellants, as the movants, to establish that Mughrabi's legal action is "based on, relates to, or is in response to" appellants' exercise of their right to associate—the right appellants say is at issue. Tex. Civ. Prac. & Rem. Code § 27.003(a); *see also Lipsky*, 460 S.W.3d at 586. Under the TCPA, a "communication between individuals who join together to collectively express, promote, pursue, or defend common interests" constitutes an exercise of the right of association. Tex. Civ. Prac. & Rem. Code § 27.001(2). A communication includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1).

Mughrabi sued appellants in their capacity as directors on the Board. He contends that appellants owed him a fiduciary duty and that they breached that

11

duty by taking, or failing to take, certain actions as Association Board members. Viewing Mughrabi's live allegations,[8] Mughrabi states that, in response to problems with the building's exterior windows, the board of directors hired Apollo to analyze the issues and recommend a plan of action to address them. Mughrabi alleges that Apollo has been paid over $400,000 for work in identifying the problems, recommending fixes, and assisting in overseeing the pilot program. Mughrabi also alleges that O'Hern and Dooley, with Board approval, participated in the pilot program to their personal gain and to the detriment of the other owners.

In their motion to dismiss, appellants asserted that Mughrabi's claims are based on, relate to, or are in response to, appellants' right of association. They argued that the basis for Mughrabi's claims consist of appellants' "communications" as defined by the TCPA, and that the allegations "implicate[] statements made in the course of rendering the decisions to approve and volunteer for the Pilot Program, replace the windows,. . . including oral remarks to Board meetings, written presentations, and notices of the decisions." Appellants argued that they joined together to collectively promote, pursue, or defend common interests. The condominium's bylaws state that the Board governs the Association's affairs. The bylaws specify the Board's powers and duties, including a duty to "use and expend any sums collected from Monthly Assessments and Special Assessments for the operation, maintenance, renewal, care and upkeep of the Common Elements," the power to "purchase or arrange for those services . . .

---

[8] Mughrabi argues our review is limited to the claims as originally pleaded, and not those alleged in his amended petition. However, the evidence the court must consider expressly includes the "pleadings . . . stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). This includes any amended pleading on file at the time of the hearing. *See, e.g.*, *Bumjin Park v. Suk Baldwin Props., LLC*, No. 03-18-00025-CV, 2018 WL 4905717, at *3 (Tex. App.—Austin Oct. 10, 2018, no pet.) (mem. op.) (resolution of TCPA motion "turns on the parties' live pleadings at the time of the hearing—the Parks' original petition and appellees' first amended counterclaim") (citing Tex. Civ. Prac. & Rem. Code § 27.006(a) and Tex. R. Civ. P. 65).

as, in the opinion of the Board of Directors, may from time to time be necessary for the proper operation and maintenance of the Common Elements," the power to "employ or retain and receive advice from professional counsel and consultants," and the power to "do all things incidental and necessary to the accomplishment of the foregoing." At the factual core of his claim are communications amongst the Board members in making decisions, including their votes to approve the matters about which Mughrabi complains, which constitute pursuit or defense of a common interest, such as providing for the management, maintenance, repair, and replacement of the condominium's common elements.

We conclude that appellants satisfied their statutory burden to prove by a preponderance of the evidence that Mughrabi's claim is based on, relates to, or is in response to, appellants' exercise of their right of association as members of a nonprofit corporation board of directors engaging in communications "between individuals who join together to collectively express, promote, pursue, or defend common interests." Tex. Civ. Prac. & Rem. Code § 27.001(2); *see also Roach v. Ingram*, 557 S.W.3d 203, 219 (Tex. App.—Houston [14th Dist.] 2018, pet. filed) (claim challenging operation of county's truancy program implicated judicial defendants' exercise of their right of association as members of the juvenile board); *Green v. Port of Call Homeowners Ass'n*, No. 03-18-00264-CV, 2018 WL 4100855, at *31 n.17 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (homeowners' defamation claim based on board members' statements were based on, related to, or in response to board members' exercise of right of association); *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155, at *4 (Tex. App.—Austin Apr. 7, 2015, no pet.) (mem. op.) (members of homeowners' association shared common interests, such as ownership of association's common elements and common expenses; suit against members related to right of

association and TCPA applied). Thus, the TCPA applies to the portion of Mughrabi's claim for breach of fiduciary duty against appellants that is based on alleged damages other than the special assessment cost.

## C.     Clear and Specific Prima Facie Evidence of Breach of Fiduciary Duty

Because the TCPA applies to his claim, to avoid mandatory dismissal Mughrabi was required to bring forth "clear and specific evidence" establishing a prima facie case for each essential element of his breach of fiduciary duty claim. Tex. Civ. Prac. & Rem. Code § 27.005(b), (c). The statute does not define "clear and specific," so we apply the ordinary meaning of those terms: "clear" means "unambiguous," "sure," or "free from doubt," and "specific" means "explicit" or "relating to a particular named thing." *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing Black's Law Dictionary 268, 1167 (8th ed. 2004)). As the Supreme Court of Texas has explained in describing clear and specific evidence, the act requires the plaintiff to "provide enough detail to show the factual basis for its claim." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam) (internal quotation omitted).

"Prima facie evidence" is that "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Lipsky*, 460 S.W.3d at 590 (internal quotation omitted). A prima facie case may be established through circumstantial evidence. *Id.* at 591. However, conclusory statements are not probative evidence and accordingly will not suffice to establish a prima facie case. *Better Bus. Bureau v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also Lipsky*, 460 S.W.3d at 592 (explaining that "bare, baseless opinions" are not "a sufficient substitute for the

14

clear and specific evidence required to establish a prima facie case under the TCPA").

To prevail on a breach of fiduciary duty claim, a party must establish the following elements: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant. *See Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 661 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Additionally, because Mughrabi is attempting to establish liability against board members of a nonprofit corporation,[9] he must negate the statutory safe harbor provided in the Texas Business Organizations Code, which provides in pertinent part:

> (a) A director shall discharge the director's duties, including duties as a committee member, in good faith, with ordinary care, and in a manner the director reasonably believes to be in the best interest of the corporation.
>
> (b) A director is not liable to the corporation, a member, or another person for an action taken or not taken as a director if the director acted in compliance with this section. A person seeking to establish liability of the director must prove that a director did not act:
>
> > (1) in good faith;
> >
> > (2) with ordinary care; and
> >
> > (3) in a manner the director reasonably believed to be in the best interest of the corporation.

Tex. Bus. Orgs. Code § 22.221. Consistent with the statutory text, courts, including this one, have held that the burden of proving the elements listed in section 22.221(b) rests with the person seeking to impose liability on a director—

---

[9] The Association was incorporated in 2001 and from that time has been a nonprofit corporation.

15

here, Mughrabi. *See Priddy v. Rawson*, 282 S.W.3d 588, 594-95 & n.11 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Green*, 2018 WL 4100855, at *5; *Burns v. Seascape Owners Ass'n, Inc.*, No. 01-11-00752-CV, 2012 WL 3776513, at *9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (mem. op.).

In his response to appellants' motion to dismiss, Mughrabi did not address the safe harbor elements of section 22.221(b).[10] He did not identify any clear and specific evidence that appellants failed to act in good faith, with ordinary care, or in a manner they reasonably believed to be in the best interest of the Association. Accordingly, Mughrabi failed to establish a prima facie case and appellants are entitled to dismissal under the TCPA. *Accord, e.g.*, *Green*, 2018 WL 4100855, at *5 (because plaintiffs did not address chapter 22.221 immunity argument in response to defendants' no-evidence motion for summary judgment, they failed to carry their burden of showing that defendants were not entitled to judgment based on section 22.221); *Burns*, 2012 WL 3776513, at *9-10 (same).

In his appellee's brief in this court, Mughrabi identifies for the first time several items of evidence that he contends support his breach of fiduciary duty claim.[11] However, Mughrabi failed to link these facts to each essential element of the safe harbor provision, which as mentioned he did not address in his response. Tex. Civ. Prac. & Rem. Code § 27.005(c); *Cavin v. Abbott*, 545 S.W.3d 47, 72-73 (Tex. App.—Austin 2017, pet. denied) (determining that plaintiffs failed to

---

[10] Mughrabi filed his response after he filed his amended petition.

[11] For example, according to Mughrabi, (1) the Board received a letter from an attorney representing another unit owner, in which the attorney contended that the special assessment required an owner vote and warned the Board that he would file suit on behalf of his client if the Board did not hold a vote; (2) the Board voted for the window replacement project over "vocal opposition and strong meeting attendance" by owners ; and (3) the Board obtained a letter from counsel opining that the special assessment did not require an owner vote, but did so only after the Board already approved the repair project. Mughrabi contends that the foregoing is evidence that appellants did not act in good faith.

establish prima facie case of claims where they failed to link facts in record to each essential element of claims and failed to provide analysis or explanation). Moreover, even crediting Mughrabi's newly cited evidence, all of it pertains to appellants' decision to approve the special assessment without an owner vote, which as explained is a moot issue.

For these reasons, we sustain in part appellants' issue insofar as it pertains to Mughrabi's remaining justiciable claim that appellants breached their fiduciary duty and caused damages by approving the pilot program and by paying expenditures in furtherance of the window repair project. We dismiss that part of Mughrabi's claim with prejudice. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c).

## D. Attorney's Fees and Sanctions

Appellants requested attorneys' fees, costs, and sanctions in their motion to dismiss. When a legal action is properly dismissed under the TCPA, a trial court must award court costs, reasonable attorney's fees, and other expenses incurred in defending the action as justice and equity may require. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a)(1), (2); *see also Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). Accordingly, we remand to the trial court to (1) award the amount of reasonable attorney's fees, costs, or expenses that justice and equity may require, and (2) impose sanctions, if any, sufficient to deter future similar conduct. *Joselevitz*, 524 S.W.3d at 865; *see also Price v. Buschemeyer*, No. 12-17-00180-CV, 2018 WL 1569856, at *14 (Tex. App.—Tyler Mar. 29, 2018, pet. denied) (mem. op.) ("When the appellate court holds that the plaintiff failed to discharge his burden to prove a prima facie case under the TCPA as to some of his causes of action, but that he successfully met his burden on other causes of action, it must remand the case to the trial court for a determination of the proper amount of fees, costs, and expenses to award the movant.") (citing *D Magazine Partners, L.P. v.*

17

*Rosenthal*, 529 S.W.3d 429, 441-42 (Tex. 2017); *Serafine v. Blunt*, 466 S.W.3d 352, 364 (Tex. App.—Austin 2015, no pet.)).

## Conclusion

We have determined that the trial court erred by denying appellants' TCPA motion to dismiss Mughrabi's breach of fiduciary duty claim to the extent it is premised on allegations that appellants breached a fiduciary duty and damaged Mughrabi by approving the pilot program or by paying expenditures in furtherance of the window repair project. Accordingly, we reverse the trial court's order in this respect only. We remand the cause to the trial court for further proceedings consistent with our resolution of these issues on interlocutory appeal.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Christopher, Jewell, and Hassan.