**Reversed and Remanded and Majority and Dissenting Opinions filed April 28, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00594-CV

---

### WILLIAM REEVES, Appellant

### V.

### HARBOR AMERICA CENTRAL, INC., Appellee

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-25574**

---

### DISSENTING OPINION

Because the movant in this case failed to establish a right of association sufficient to trigger the protections of the Texas Citizens Participation Act (TCPA), I respectfully dissent.

The central issue in this case is whether the TCPA applies to Harbor America's counterclaims alleging breach of contract, misappropriation of trade secrets, conversion, breach of fiduciary duty, and breach of the duty of loyalty. At

its heart, this is a case about the breach of an employment agreement. Reeves's motion to dismiss Harbor America's counterclaims argued that Harbor America's counterclaims were filed in response to Reeves's right of association. Holding that this court's decision in *Abatecola v. 2 Savages Concrete Plumbing, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *6 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.) controls, the majority concludes that Harbor America's counterclaims implicate Reeves's right of association and are governed by the TCPA. I do not agree that our decision in *Abatecola* controls the disposition in this case because the right of association protected by the TCPA more resembles those protected by the constitutional right rather than the association existing between employer and employee in the context of the allegations in this suit.

The TCPA defines the "exercise of the right of association" as people joining "together to collectively express, promote, pursue, or defend common interests." Act of June 17, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961 (amended 2019) (current version at § 27.001(2) (West Supp. 2019)).[1] A communication includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. Civ. Prac. & Rem. Code § 27.001(1). The TCPA does not create a right of association. Rather, the purpose of the Act is "to encourage and safeguard the constitutional rights of persons to . . . associate freely . . . to the maximum extent

---

[1] The definition of the "exercise of the right of association" was amended by the legislature in 2019. Section 27.001(2) now defines the exercise of the right of association as meaning, "to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684. However, the amendment expressly provides that this change in law applies only to a legal action filed on or after the September 1, 2019, the effective date of the amendment. *See* Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. Consequently, further references to section 27.001 will refer to the pre-amended version of the statute.

permitted by law[.]" Tex. Civ. Prac. & Rem. Code § 27.002.

In this case Reeves contends that Harbor America's counterclaims were related to his alleged communications with former Harbor America employee David Fender regarding their entering into a new business arrangement. Reeves argues, therefore, that he met his initial burden under the TCPA to show that Harbor America's counterclaims related to Reeves's exercise of the right of association. I do not agree with such a broad construction of the scope of the TCPA.

In determining whether Harbor America's counterclaims related to Reeves's exercise of the right of association we review the statutory definition as stated above. Peculiar to this case, we must address the plain meaning of the word "common." "In interpreting statutes, our primary purpose is to give effect to the legislature's intent by relying on the plain meaning of the text adopted by the legislature, unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning leads to absurd results." *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)).

In *Kawcak v. Antero Resources Corporation*, the Fort Worth Court of Appeals determined that, by conspiring to commit a tortious act against another party for personal financial gain, the alleged tortfeasors had not exercised their right of association. 582 S.W.3d 566, 569 (Tex. App.—Fort Worth 2019, pet. denied). In addressing the right of association, the *Kawcak* court discussed several dictionary definitions of the word "common" in the context of the TCPA's stated purpose. *Id.* at 575–79. The court found Webster's definition of "common" to be the most suitable, defining "common" as "of or relating to a community at large," "known to the community," or "belonging to or typical of all mankind." *Id.* at 576. The court

3

stated, "Webster's definition of 'common' supports a plain meaning of the word that embraces interests broader than the narrow interest shared by two people who engage in a conspiracy where one conspirator allegedly breaches his fiduciary duty to profit himself and his co-conspirator." *Id.* at 576. The *Kawcak* court held that, because "the plain meaning of the word 'common' in TCPA section 27.001(2)'s definition of 'the right of association' requires more than two tortfeasors conspiring to act tortiously for their own selfish benefit," the TCPA did not apply to the claims in that case. *Id.* at 588. Because only two tortfeasors were involved in *Kawcak*, the court held their alleged conduct was not protected by the right of association. *Id.*

To determine whether a nonmovant's allegations implicate a party's exercise of the right of association, I agree with the *Kawcak* court that it is necessary to determine what definition the legislature intended to ascribe to the word "common" in the phrase "common interests." *See* Tex. Civ. Prac. & Rem. Code § 27.001(2) (defining "exercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests"). *Kawcak* held that "common" in TCPA section 27.001(2)'s definition of "the right of association" requires more than two tortfeasors conspiring to act tortiously for their own selfish benefit. I would hold that the *Kawcak* court's analysis applies to the facts of this case where the claims involve two individuals who entered into a private agreement.

Defining "common" to include a public component is in line with the TCPA's statutory scheme because it corresponds to the express purpose of the TCPA to protect constitutional rights, while at the same time protecting the rights of persons to file meritorious lawsuits for demonstrable injury. See Tex. Civ. Prac. & Rem. Code § 27.002. *Gaskamp v. WSP USA, Inc.*, No. 01-18-00079-CV, 2020 WL 826729, at *11 (Tex. App.—Houston [1st Dist.] Feb. 20, 2020, no pet. h.). Applying

4

Reeves's construction of the right of association gives a constitutional right of association protection to virtually any private communication between two people about a shared private interest. *See* Tex. Civ. Prac. & Rem. Code § 27.001(2) (right of association protection applies to "communication between individuals who join together to collectively express, promote, pursue, or defend common interests"). This interpretation is not consistent with the purposes of the TCPA, which is to curb strategic lawsuits designed to chill public participation. *See Toth v. Sears Home Improvement Products, Inc.*, 557 S.W.3d 142, 149 (Tex. App.—Houston [14th Dist.] 2018, no pet.). It would be illogical for the TCPA to apply to situations where there is no element of group participation for a public purpose. *See Serafine v. Blunt*, 466 S.W.3d 352, 378 (Tex. App.—Austin 2015, no pet.) (J. Pemberton, concurring) (in which Justice Pemberton opined that such an interpretation of section 27.001(2) would lead to the absurd result of bringing most marital communications within the scope of the exercise of the right of association and, therefore, subject to the TCPA).

We are to construe the TCPA liberally to fully effectuate its purpose and intent. Tex. Civ. Prac. & Rem. Code § 27.011(b). In doing so, we may consider the object sought to be obtained by the statute, the consequences of a particular construction, the legislative history, and the statute's title. Tex. Gov't Code § 311.023. Considering the title of the TCPA (the Texas Citizens Participation Act), the object sought to be obtained by the TCPA (curb strategic lawsuits designed to chill public participation), and the absurdity of reading the statutory definition of "exercise of the right to association" to include a business decision between two parties, I believe that the legislature intended for the right of association to require some degree of group participation involving an expression about a matter of public interest.[2]

---

[2] While not a consideration in reaching my conclusion, I note that the legislature's amended

5

My conclusion that the right of association protected by the TCPA requires participation of a group expressing a communication about a matter of public interest is not contradicted by our decision in *Abatecola*. The facts in *Abatecola* are distinguishable from the facts in this case in that the legal actions addressed in *Abatecola* involved communications with a third party and not merely communications between two parties involved in a business deal. 2018 WL 3118601 at \*6-7. In *Abatecola*, the legal action was filed against a third party who, without knowledge of the prior non-compete, allegedly interfered with a contract by hiring the individual to compete. *Id.* In this case there is no third party in the legal action filed below; this action is merely a business dispute between two parties.

Moreover, my conclusion is supported by opinions of this court in which we have found that a party's exercise of the right of association is in the context of common communications that affect more than the interests of private individuals. *See O'Hern v. Mughrabi*, 579 S.W.3d 594, 602-04 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (right of association was being exercised in the context of a meeting of a board of directors of a condominium); *Roach v. Ingram*, 557 S.W.3d 203, 219 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (juvenile board communicating about procedures in a truancy court); *Fawcett v. Grosu*, 498 S.W.3d 650, 657 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("It is undisputed that all of the parties, as members of Masons, have joined together to collectively express, promote[,] or defend common interests.").

Because I believe Reeves failed to establish that his internal communications are protected by the right of association under the TCPA I would hold that the TCPA

definition of the "exercise of the right of association" is now limited to a group expression, promotion, pursuit, or defense of "common interests relating to a governmental proceeding or a matter of public concern." Act of June 2, 2019, 86th Leg., R.S., ch. 378, § 1, 2019 Tex. Gen. Laws 684, 684.

6

does not apply to Harbor America's counterclaims. I would therefore affirm the order of the trial court denying Reeves's motion to dismiss. Because the majority does not do so, I respectfully dissent.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Wise, Bourliot, and Zimmerer (J. Zimmerer, dissenting).