**Reversed and Remanded; Cross-Appeal Dismissed as Moot; and Majority Opinion and Concurring and Dissenting Opinion filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00165-CV

---

## DONALD WELSH AND LISA MARSHALL, Appellants / Cross-Appellees

### V.

## RIVER HOLLOW ASSOCIATION, Appellee / Cross-Appellant

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2020-43000**

---

### OPINION

Homeowners Donald Welsh and Lisa Marshall sued their homeowners' association, River Hollow Association (HOA), to enforce a deed restriction requiring the HOA to maintain common properties. The HOA filed a motion to dismiss the homeowners' claims under the Texas Citizens Participation Act

(TCPA).[1]  The trial court granted the motion based on the HOA's statute of limitations defense.  The homeowners appeal, contending among other things that the trial court erred because the TCPA does not apply to their claims.  The HOA also appeals, contending that the trial court made an improper advisory finding based on a construction of the declarations and that the court awarded inadequate attorney's fees.

We hold that the TCPA does not apply to the homeowners' claims.  Thus, we reverse the trial court's judgment and remand the case for further proceedings, and we dismiss as moot the HOA's cross-appeal.

## I. TCPA LEGAL PRINCIPLES

The TCPA was designed to protect a defendant's rights of speech, petition, and association while protecting a claimant's right to pursue valid legal claims for injuries caused by the defendant.  *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021) (citing Tex. Civ. Prac. & Rem. Code § 27.002).  To accomplish this objective, the TCPA provides for a multi-step process for the dismissal of a legal action to which it applies.  *See id.*  First, the movant must demonstrate that the legal action is "based on or is in response to" the movant's exercise of the right of free speech, petition, or association.  *Id.*  If the movant meets this burden, the claimant may avoid dismissal by establishing by clear and specific evidence a prima facie case for each essential element of the claim in question.  *Id.*  Finally, if the claimant meets their burden, the court still must dismiss the legal action if the defendant establishes an affirmative defense on which the movant is entitled to judgment as a matter of law.  *Id.*

---

[1] *See* Tex. Civ. Prac. & Rem. Code ch. 27; *see also In re Lipsky*, 460 S.W.3d 579, 584 & n.1 (Tex. 2015).

An "exercise of the right of free speech" means a communication made in connection with a matter of public concern. *Id.* § 27.001(3). An "exercise of the right to petition" means, among other things, (1) "a communication in or pertaining to . . . an executive or other proceeding before . . . a subdivision of the state or federal government," *id.* § 27.001(4)(A)(iii); (2) "a communication in connection with an issue under consideration or review by a . . . governmental body," *id.* § 27.001(4)(B); or (3) "a communication that is reasonably likely to encourage consideration or review of an issue by a . . . governmental body," *id.* § 27.001(4)(C).[2] An "exercise of the right of association" means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern. *Id.* § 27.001(2).

A "communication" is broadly defined as "the making or submitting of a statement or document in any form or medium." *Id.* § 27.001(1); *see also Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). A "matter of public concern" includes a statement or activity regarding "a matter of political, social, or other interest to the community" or "a subject of concern to the public." Tex. Civ. Prac. & Rem. Code § 27.001(7).

We review de novo whether the parties have met their respective burdens. *See M.A. Mills, P.C. v. Kotts*, 640 S.W.3d 323, 326 (Tex. App.—Houston [14th Dist.] 2022, pet. filed). In reviewing these issues, the plaintiff's petition is the "best and all-sufficient evidence of the nature" of a claim. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (quotation omitted). The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations. *Id.* We view the pleadings in the light most favorable to the nonmovants, favoring the conclusion that their claims are not predicated on

---

[2] We recite the statutory definitions upon which the HOA relies.

protected expression. *Sanchez v. Striever*, 614 S.W.3d 233, 246 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## II. BACKGROUND

The homeowners sued the HOA, which is a non-profit Texas corporation, and alleged claims for breach of contract and breach of declaration. The homeowners asked the trial court to issue a temporary and permanent injunction to require the HOA to maintain common properties, or in the alternative, to award economic damages of at least $1.5 million.

The homeowners alleged that pursuant to the declaration of covenants and restrictions for their subdivision, the HOA is obligated to provide maintenance for the common properties. They alleged that part of the common properties abuts Buffalo Bayou, and as a result of the flow of water in the bayou, "the soil has experienced erosion and avulsion causing an urgent need for maintenance and preservation of the Common Properties." The homeowners alleged that their property is adjacent to the common properties, and the maintenance is necessary to prevent the destruction of their property.

The homeowners alleged that the HOA commissioned a company to create a "construction plan" for stabilizing the common properties, and it had been approved by the Harris County Flood Control District. However, "As a result of a campaign orchestrated by the current President of the Association's Board of Directors, the owners did not approve the funding to implement the Construction Plans." The homeowners alleged that the HOA has "failed and refused to proceed with the Construction Plans thereby allowing the Common Properties to continue to deteriorate." The homeowners alleged that the HOA's failure to maintain the common properties amounts to a violation of the declaration, resulting in unique damages to the homeowners.

4

The HOA filed a motion to dismiss under the TCPA, contending that the homeowners' lawsuit implicated the HOA's right of association, right of free speech, and right to petition. The HOA attached the minutes of an HOA meeting at which the members voted against approving a special assessment to fund the construction plan. The minutes noted that "some funding support may be possible" from Harris County, and the construction plan was capable of being permitted by the Army Corps of Engineers, the Harris County Flood Control District, and the City of Houston.

The HOA argued further that the homeowners' claims were barred by the statute of limitations and the failure of a condition precedent. The trial court granted the motion based on the limitations defense but also noted in its order that the alleged common property along Buffalo Bayou was "part of the Common Properties maintenance obligation" of the HOA. The trial court awarded attorney's fees to the HOA—less than requested—and signed a final judgment dismissing the homeowners' claims.

### III.   NO WAIVER

As an initial matter, the HOA contends that the homeowners have waived their argument that the TCPA does not apply to their claims because the claims are not based on or in response to the HOA's rights of speech, association, or petition. In their response to the HOA's motion to dismiss, the homeowners generally "dispute[d] the applicability of the TCPA to this matter," but did not advance significant argument "challenging its applicability to this matter, except to state that, under the Association's logic, every act by every [property owners' association] in Texas is now subject to scrutiny under the TCPA, even when the Association's acts (or omissions) have nothing substantively to do with any exercise of constitutional rights."

5

The HOA relies on *Hong Phuoc Ngo v. Association of Woodwind Lakes Homeowners, Inc.*, No. 01-18-00919-CV, 2020 WL 7391696, at *4 n.6 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet. h.). In that case, the court of appeals held that the *movant* failed to preserve an argument for why the TCPA applied. *See id.* Here, however, the homeowners were nonmovants and did not bear the burden in the trial court to show the non-applicability of the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.005 (movant has the burden). Thus, the homeowners did not waive error regarding the applicability of the TCPA. *See Neely v. Allen*, No. 14-19-00706-CV, 2021 WL 2154125, at *4–5 (Tex. App.— Houston [14th Dist.] May 27, 2021, no pet. h.) (mem. op.) (nonmovants, who were also appellees, did not need to preserve error regarding applicability of the TCPA because they bore "no burden with regard to the issue of whether the TCPA applies to their claims"); *see also Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018) (holding that the movant preserved error despite not relying on the same case law or statutory subpart regarding applicability of the TCPA; noting that the "unique language of the TCPA directs courts to decide its applicability based on a holistic review of the pleadings," and the supreme court has "not previously cabined [its] TCPA analysis to the precise legal arguments or record references a moving party made to the trial court regarding the TCPA's applicability").

We overrule the HOA's argument that the homeowners waived error regarding the applicability of the TCPA.

## IV. TCPA DOES NOT APPLY

In their second and dispositive issue on appeal, the homeowners contend that the TCPA does not apply because their claims are not based on or in response to the HOA's exercise of the right of free speech, right of association, or right to

petition. They contend that the HOA failed to meet its burden to show that the homeowners' claims are based on or in response to the HOA's communication, or that the communication was made in connection with a matter of public concern, or that the HOA joined together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern.

## A.    Not Based on or in Response to a Communication (Right of Free Speech and Right to Petition)

To establish that the homeowners' claims are based on or in response to the HOA's right of free speech or right to petition, the HOA had to prove that the claims are based on or in response to the HOA's communication.

The basis of the homeowners' claims is that the HOA has failed to comply with a duty outlined in the declaration—to maintain the common properties. Although the individual members of the HOA made communications about funding the construction plan, the homeowners' claims are based on the HOA's failure to act rather than the members' communications. "[S]imply alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA." *Sanchez v. Striever*, 614 S.W.3d 233, 246 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (considering the gravamen of the claim as pleaded) (quoting *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 587 (Tex. App.—Fort Worth 2019, pet. denied)). Although communications among the HOA's members may have accompanied the HOA's failure to maintain the common properties, the communications themselves did not provide the basis for the legal claims or impetus for suit. *See ML Dev, LP v. Ross Dress for Less, Inc.*, No. 01-20-00773-

7

CV, 2022 WL 1037757, at *4 (Tex. App.—Houston [1st Dist.] Apr. 7, 2022, no pet. h.).

In *ML Dev*, the plaintiff filed suit for easement access to land adjacent to land the plaintiff bought from one of the defendants. *Id.* at *4. The defendants pointed to their statements made in connection with denying the easement rights to the plaintiff, a refusal to approve a plat submitted to a governmental entity, and statements made at a meeting of a governmental entity. *See id.* at *4, *5. The First Court of Appeals held that the communications themselves did not provide the basis for the legal claims or impetus for suit, noting that the plaintiff did not contend it was injured by the statements or seek to prevent similar statements in the future. *Id.* at *4. Instead, the plaintiff sought to force the defendants to take specific action that was required by contract. *See id.* Although the plaintiff's claims may have "related to" communications, the claims were not "based on or in response to" communications. *See id.* at *4–5.[3]

Here, the homeowners seek to force the HOA to take specific action required by the declaration—to maintain the common properties against erosion and avulsion. The homeowners' claims are not based on or in response to the HOA's communications, so the claims are not based on or in response to the HOA's exercise of the right of free speech or right to petition.

---

[3] The TCPA was amended in 2019 to narrow the categories of connections a claim could have to the exercise of a protected right in order for a defendant to obtain a dismissal. *See generally ML Dev*, 2022 WL 1037757, at *2–3 (discussing removal of the phrase "relates to" from the prior version of the TCPA that allowed dismissal if the movant proved that the claim was "based on, relates to, or is in response to" the movant's exercise of a protected right). The amendment "removed the broadest category of connection, thereby requiring future TCPA movants to establish a closer nexus between the claims against them and the communications they point to as their exercise of protected rights." *Id.* at *5.

**B.** **Not a Matter of Public Concern**
       **(Right of Free Speech and Right of Association)**

To establish that the homeowners' claims are based on or in response to the HOA's right of free speech, the HOA had to prove that the claims are based on or in response to the HOA's communication made in connection with a matter of public concern. Similarly, to establish that the claims are based on or in response to the HOA's right of association, the HOA had to prove that the claims are based on or in response to the HOA's joining together to collectively express, promote, pursue, or defend common interests relating to a matter of public concern.

As pleaded, the homeowner's claims based on the violation of a declaration do not implicate the HOA's communications or interests relating to a matter of public concern because this case is about a "private contract dispute affecting only the interests of the parties involved—the [homeowners], the HOA, and the other HOA members." *Hong Phuoc Ngo v. Ass'n of Woodwind Lakes Homeowners, Inc.*, No. 01-18-00919-CV, 2020 WL 7391696, at *5 (Tex. App.—Houston [1st Dist.] Dec. 17, 2020, no pet. h.). In *Ngo*, a homeowners' association sued two property owners, alleging that the owners violated the subdivision's declaration by making improvements to the exterior of their home without obtaining authorization from the association and by failing to remove modifications that violated deed restrictions. *Id.* at *2. The First Court of Appeals reasoned that the only parties with a tangible interest in any diminished resale value or property value of the homes in the subdivision caused by the defendants' breaches of the declaration were the homeowners in the subdivision, i.e., other association members. *Id.* at *5. The record did not reflect public involvement or interest in the dispute between the association and the property owners. *Id.* at *5. The declaration for the subdivision was a "private contract between private parties intended to protect the parties' financial interests in their respective properties, including the common properties

9

shared by all the [association's] members." *Id.* at *6. Thus, the owners' communications or joining together did not implicate a matter of public concern, even under the broader definition applicable in that case.[4] *See id.* at *5–7.

Other than arguing that *Ngo* was decided wrongly, the HOA contends that the destruction of the community property and people's homes caused by flooding, erosion, and avulsion is a matter of public concern. For this proposition, the HOA relies on *Garton v. Shiloh Village Partners, LLC*, No. 12-16-00286-CV, 2017 WL 6884451 (Tex. App.—Tyler Aug. 23, 2017, no pet.) (mem. op.), and *Drerup v. McQuilling*, No. 01-20-00844-CV, 2021 WL 3555727 (Tex. App.—Houston [1st Dist.] Aug. 21, 2021, pet. denied) (mem. op.).

In *Garton*, a developer sued a resident of a subdivision for business disparagement when the resident made statements about the developer causing flooding to multiple homeowners' properties. *See Garton*, 2017 WL 6884451, at *1. The court applied the old statutory definition of "matter of public concern" to conclude that the resident's statements related to the "health and safety of the homeowners [and] their environmental, economic, or community well-being." *Id.* at *3.

In *Drerup*, the movants argued that the defamation suit against them was based on their communication to a city employee about the nonmovant's construction of a concrete wall that caused flooding to a public street. *See Drerup*, 2021 WL 3555727, at *1. The nonmovants argued that the statement was not

---

[4] The TCPA was amended in 2019 to alter the definition of "matter of public concern" so that it more closely tracks the meaning used in First Amendment jurisprudence. *See* Tex. Civ. Prac. & Rem. Code § 27.001(7)(B). *Compare* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 962, *with Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017). *See generally Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133–34 (Tex. 2019) (noting that the prior version of the TCPA's definition of "right of free speech" was not fully coextensive with the constitutional meaning, and the Legislature was "free to define 'matter of public concern' to include matters of purely private concern").

made in connection with a matter of public concern because it concerned only the flooding of a single street. *See id.* at *6. The court disagreed, reasoning that the flooding of a public street affects those in a community beyond those who live on the street, including the general public's access to the street. *Id.*

Here, the homeowners have not alleged that the HOA's refusal to implement the construction plan will affect any property other than the property maintained by the HOA (the common property), or the plaintiff–homeowners' property. That is, the HOA's refusal to maintain the common property, or any joining together to do so, does not affect the general public according to the allegations and evidence in this case. *See Ngo*, 2020 WL 7391696, at *5 (matter was not one of public concern when it affected only the interests of those involved, including the homeowners, the homeowners' association, and the association's members; and the record did not reflect public involvement or interest in the dispute).

The HOA also contends that its communications and activities related to a matter of public concern because governmental entities were "involved" and had approved the construction plan, citing *Nguyen v. ABLe Communications, Inc.*, No. 02-19-00069-CV, 2020 WL 2071757 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (mem. op.), and *CDM Constructors, Inc. v. City of Weslaco*, No. 13-19-00447-CV, 2021 WL 1133615 (Tex. App.—Corpus Christi–Edinburg Mar. 25, 2021, pet. denied).

*Nguyen* involved allegations that one company used confidential information of another company to win governmental contracts and in fulfilling those governmental contracts. *See Nguyen*, 2020 WL 20171757, at *4–5. *CDM Constructors* involved a lawsuit by a governmental entity against a contractor for fraud, bribery, and conspiracy to defraud the governmental entity regarding the contractor's building of a water treatment plant for the government. *See CDM*

11

*Constructors*, 2021 WL 1133615, at \*1, \*4. Both cases held that the claims were based on communications made in connection with a matter of public concern under the old statutory definition. *See id.* at \*3–4 & n.1; *Nguyen*, 2020 WL 20171757, at \*4–5 (noting statutory definition that a matter of public concern included any "issue related to . . . the government"). Each case involved a more direct relationship between the communications and the governmental entities. Here, the alleged communications or joining together do not concern the permits or permitting process, but instead the failure of the HOA to proceed with a construction project that had already been approved by governmental entities. The HOA's interpretation would extend the TCPA's reach to any lawsuit relating to a construction project because a governmental entity had at some point issued a permit approving of the plan. The statute, though far-reaching, has not been applied in such a way. *See ML Dev*, 2022 WL 1037757, at \*1, \*4–5 (rejecting movant's argument that the lawsuit related to a matter of public concern because it involved "the construction of a road using public funds," when the claim was to enforce an easement so the plaintiff could construct a road necessary to develop its land; noting that the movants had refused a plat submitted to a governmental entity and made statements at a meeting with another governmental entity).

The HOA has not met its burden to establish that the issue of the HOA's maintaining its common properties is a matter of political, social, or other interest to the community or a subject of concern to the public. *See Ngo*, 2020 WL 7391696, at \*5–7. As such, the homeowners' claims are not based on or in response to the HOA's exercise of the rights of free speech or association.

## C. Not Based on or in Response to Joining Together (Right of Association)

To establish that the homeowners' claims are based on or in response to the HOA's right of association, the HOA had to prove that the claims are based on or in response to the HOA's joining together to collectively express, promote, pursue, or defend common interests.

In *Ngo*, the First Court of Appeals held that a homeowners' association's suit against two property owners, i.e., members, was not based on their "joining 'together' with the HOA or other HOA members" because "the basis of the petition is that the [property owners] have violated the Declaration and are in direct conflict with the HOA." *Ngo*, 2020 WL 7391696, at *6. The record and pleadings showed that the property owners' dispute with the association was "essentially a contract dispute." *Id.* at *7.

The same rationale applies here. The homeowners' suit is based on the HOA's alleged violation of the declarations; it is essentially a contract dispute. Unlike cases relied upon by the HOA in which courts have held that the right of association was implicated when plaintiffs sued individual members or board members of an organization for claims related to the members' communications, in this case the homeowners have sued only the Texas corporation—the HOA—and not any individual members or board members based on or in response to their "joining together" to collectively express, promote, pursue, or defend the HOA's failure to comply with the declarations. *Cf. O'Hern v. Mughrabi*, 579 S.W.3d 594, 597, 603 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (TCPA applied based on right of association for lawsuit by one property owners' association board member against the other board members, noting that "[a]t the factual core of his claim are communications amongst the Board members in making decisions"); *Roach v.*

*Ingram*, 557 S.W.3d 203, 209, 219 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (TCPA applied based on right of association for lawsuit against public officials sued in their official capacities for collective decision-making made while on governmental "Juvenile Board"); *Green v. Port of Call Homeowners Ass'n*, No. 03-18-00264-CV, 2018 WL 4100855, at *9 n.17 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (TCPA applied based on right of association for defamation claim against a homeowners' association, its members, and its agents); *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155, at *4 (Tex. App.—Austin Apr. 7, 2015, no pet.) (mem. op.) (TCPA applied based on right of association for defamatory statements made between or among four members of a homeowners' association). Moreover, each of these cases was decided under the prior version of the statute that required the claims to merely "relate to" a communication between individuals who joined together, rather than be "based on" or "in response to" a joining together. *See supra* note 3.

The HOA has not met its burden to establish that the homeowners' claims are based on or in response to the HOA's joining together to collectively express, promote, pursue, or defend common interests. *See Ngo*, 2020 WL 7391696, at *6. As such, the homeowners' claims are not based on or in response to the HOA's exercise of the right of association.

**D.    Summary**

The HOA has not demonstrated that the homeowners' claims are based on or in response to the HOA's exercise of a protected right. Thus, the TCPA does not apply. The homeowner's second issue is sustained. We do not reach the homeowners' first and third issues concerning the homeowners' burden to prove a prima facie case or the HOA's burden to establish its limitations defense. *See* Tex. R. App. P. 47.1.

14

## V.   CROSS-APPEAL

In its cross-appeal, the HOA complains about the trial court's finding that the HOA had a duty to maintain the alleged common property in the order granting the HOA's motion to dismiss.   The homeowners agree that the finding was advisory and, therefore, error.   The HOA also complains about the trial court's failure to award more attorney's fees.

Because we reverse the trial court's judgment granting the motion to dismiss and hold that the TCPA does not apply, we dismiss as moot the HOA's cross-appeal.  *See Sanders v. Bansal*, No. 01-18-00508-CV, 2019 WL 7341660, at *6–7 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, pet. denied) (mem. op.).

## VI.   CONCLUSION

We reverse the trial court's final judgment signed March 24, 2021, and remand the case to the trial court for further proceedings.   We dismiss as moot the HOA's cross-appeal.


/s/   Ken Wise
Justice


Panel consists of Justices Wise, Spain, and Hassan. (Spain, J., concurring and dissenting)